UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EAT RIGHT FOODS, LTD, | ) CASE NO. C13-2174RSM |
| Plaintiff, | ) |
| v. | ) ORDER GRANTING DEFENDANT'S ) MOTION TO DISMISS |
| WHOLE FOODS MARKET, INC., *et al.*, | ) |
| Defendants. | ) |

## I. INTRODUCTION

This matter comes before the Court on Defendant Whole Foods Market, Inc.'s ("WFMI") Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(2). (Dkt. #21). WFMI argues that this Court lacks personal jurisdiction over it because it is a non-resident holding company that lacks sufficient minimum contacts with the State of Washington. Plaintiff argues that it has met the minimum threshold for demonstrating both general and specific jurisdiction. (Dkt. #25). For the reasons set forth below, this Court GRANTS Defendant's motion to dismiss.

## II. BACKGROUND

This matter arises from allegations of trademark infringement, false designation of origin and unfair competition. Dkt. #16 at ¶ ¶ 34-43. Plaintiff alleges that it has used the

ORDER
PAGE - 1

trademark "EAT RIGHT" since 2001 and the trademark "EATRIGHT" since 2003. *Id.* at ¶ 19. Plaintiff further alleges that from 2004 to 2013, Defendants sold products produced by Plaintiff and sold under the trademark "EATRIGHT." *Id.* at ¶ 30. Plaintiff alleges that Defendants have since sold and marketed products using a trademark confusingly similar to "EATRIGHT" without authorization by Plaintiff, in violation of federal trademark laws and Washington's Consumer Protection Act. *Id.* at ¶¶ 32-43.

WFMI asserts that it is a non-resident holding company for other, separate subsidiaries in the Whole Foods family. Dkt. #21 at 2-3. WFMI further asserts that is has no presence in Washington at all – specifically, it does not maintain a place of business in Washington, is not licensed to do business in Washington, it does not own, lease, manage or maintain real property in Washington, it has not appointed a registered agent for service of process in Washington, it does not make, market or sell any goods in Washington, and it conducts no business directly with the public in Washington. *Id.* WFMI also asserts that the other two Defendants, Whole Foods Market Services, Inc. and Whole Foods Market Pacific Northwest, Inc., are not agents of WFMI and they are legally distinct and separate subsidiaries. *Id.* at 3.

### III.   DISCUSSION

**A. Standard of Review**

Federal Rule of Civil Procedure 12(b)(2) governs the dismissal of an action based on lack of personal jurisdiction. Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004). A plaintiff cannot simply rest on the bare allegations of his Complaint, but rather is obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction. *Amba*

*Marketing Systems, Inc. v. Jobar International, Inc.,* 551 F.2d 784, 787 (9th Cir. 1977). Where, as here, the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdictional facts. *Schwarzenegger,* at 800. Uncontroverted factual allegations must be taken as true. Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor. *Id.* A *prima facie* showing means that the plaintiff has produced admissible evidence, which if believed, is sufficient to establish the existence of personal jurisdiction. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).

Where no applicable federal statute addresses the issue, a court's personal jurisdiction analysis begins with the "long-arm" statute of the state in which the court sits. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.,* 284 F.3d 1114, 1123 (9th Cir. 2002). Washington's long-arm statute extends the court's personal jurisdiction to the broadest reach that the United States Constitution permits. *Byron Nelson Co. v. Orchard Management Corp.* 95 Wn.App. 462, 465, 975 P.2d 555 (1999). Because Washington's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analysis under state law and federal due process are the same. *Schwarzenegger,* at 800-01.

The Due Process Clause protects a defendant's liberty interest in not being subject to the binding judgments of a forum with which it has established no meaningful contacts, ties or relations. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471-72, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). In determining whether a defendant had minimum contacts with the forum state such that the exercise of jurisdiction over the defendant would not offend the Due Process Clause, courts focus on the relationship among the defendant, the forum, and the litigation. *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977).

ORDER
PAGE - 3

Personal jurisdiction exists in two forms, general and specific. *Dole Food Co. v. Watts,* 303 F.3d 1104, 1111 (9th Cir.2002). General jurisdiction exists over a non-resident defendant when there is "continuous and systematic general business contacts that approximate physical presence in the forum state." *Schwarzenegger,* at 801. In the absence of general jurisdiction, the court may still exercise specific jurisdiction over a non-resident defendant. To establish specific jurisdiction, the plaintiff must show that: (1) defendant purposefully availed itself of the privilege of conducting activities in Washington, thereby invoking the benefits and protections of its laws; (2) plaintiff's claims arise out of defendant's Washington-related activities; and (3) the exercise of jurisdiction would be reasonable. *Easter v. American West Financial,* 381 F.3d 948, 960-61 (9th Cir. 2004); *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,* 223 F.3d 1082, 1086 (9th Cir. 2000).

**B.  General Jurisdiction**

A defendant is subject to general jurisdiction only where the defendant's contacts with a forum are "substantial" or "continuous and systematic." *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.,* 223 F.3d 1082, 1086 (9th Cir. 2000). As the Ninth Circuit has recently noted, "[g]eneral jurisdiction over a corporation is appropriate only when the corporation's contacts with the forum state 'are so constant and pervasive as to render it essentially at home' in the state." *Martinez v. Aero Caribbean*, 2014 U.S. App. LEXIS 16163, *8 (9th Cir. Aug. 21, 2014)(citation omitted).

In *Martinez*, the Ninth Circuit Court of Appeals examined a recent Supreme Court decision regarding the standard under which a court could assert general jurisdiction, noting:

> The Supreme Court's recent decision in *Daimler* makes clear the demanding nature of the standard for general personal jurisdiction over a corporation. In *Daimler*, the Court held that DaimlerChrysler Aktiengesellschaft ("Daimler"), a German corporation, was not subject to

ORDER
PAGE - 4

> general jurisdiction in California based on the California contacts of its subsidiary, Mercedes-Benz USA ("MBUSA"). MBUSA, a Delaware corporation, is Daimler's exclusive importer and distributor for the United States. Its principal place of business is in New Jersey, but it has multiple facilities in California and is "the largest supplier of luxury vehicles to the California market. . . . MBUSA's California sales account for 2.4% of Daimler's worldwide sales." The Court assumed that MBUSA would be subject to general jurisdiction in California and that MBUSA's California contacts could be imputed to Daimler, but it still held that Daimler's contacts with California were not "so constant and pervasive as to render [it] essentially at home" in California.
>
> The Court in *Daimler* rejected the plaintiffs' argument, also pressed by plaintiffs here, that general jurisdiction is appropriate whenever a corporation "engages in a substantial, continuous, and systematic course of business" in a state. It emphasized that the "paradigm" fora for general jurisdiction are a corporation's place of incorporation and principal place of business. Only in an "exceptional case" will general jurisdiction be available anywhere else.

*Martinez*, 2014 U.S. App. LEXIS at *17-19 (citations omitted).

The Court of Appeals' analysis is applicable to this case. This is not an exceptional case creating jurisdiction outside of the traditional forums. WFMI is incorporated in Texas and its principal place of business is in Austin, TX. Dkt. #22 at ¶ ¶ 3-4. WFMI does not conduct business in Washington State. Nor does it own, lease or manage any property in this State. *See Daimler AG v. Bauman*, __, U.S. __, 134 S. Ct. 746, 762 n.20, 187 L. Ed.2d 624 (2014) ("General jurisdiction . . . calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide. A corporation that operates in many places can scarcely be deemed at home in all of them."). Moreover, Plaintiff fails to provide admissible evidence to rebut these contentions. While Plaintiff relies on a number of exhibits attached to the Declaration of Mark P. Walters to support its contentions, that Declaration will not be considered by the Court as it is unsigned and therefore inadmissible. *See* Dkt. #27. Accordingly, the Court finds that it lacks general jurisdiction over Defendant WFMI.

ORDER
PAGE - 5

### C. Specific Jurisdiction

Likewise, the Court does not find specific jurisdiction over WFMI. Because Plaintiff has failed to submit admissible evidence to demonstrate WFMI's alleged contacts with Washington, the Court is not convinced that WFMI purposefully availed itself of the privilege of conducting activities in Washington, thereby invoking the benefits and protections of its laws, or that Plaintiff's claims arise out of WFMI's Washington-related activities. As a result, the Court need not address whether exercising jurisdiction would be reasonable. For all of these reasons, the Court lacks personal jurisdiction over WFMI.

## IV.   CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby ORDERS:

1) Defendant's Motion to Dismiss (Dkt. #21) is GRANTED.

2) Whole Foods Market, Inc. ("WFMI") is DISMISSED and the CLERK shall terminate "Whole Foods Market Inc." as a Defendant to this matter.

3) The caption of this matter shall be revised to "Eat Right Foods Ltd. v. Whole Foods Market Services, Inc. and Whole Foods Market Pacific Northwest, Inc."

DATED this 15 day of September 2014.

RICARDO S. MARTINEZ  
UNITED STATES DISTRICT JUDGE

ORDER  
PAGE - 6